UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD OF INDIANA AND KENTUCKY, INC., <br>     *Plaintiff*, <br><br> vs. <br><br> COMMISSIONER, INDIANA STATE DEPARTMENT OF HEALTH, *et al.*, <br>     *Defendants*. | 1:13-cv-1335-JMS-MJD |

**<u>ORDER</u>**

On October 11, 2013, the Defendants filed a Response to Plaintiff's Motion for Preliminary Injunction and a First Stipulation of the Parties. [Dkts. 37; 38.] Two issues with those filings require the Court's attention.

**A. Filings Under Seal**

The Defendants' response brief, the stipulation, and all exhibits attached to those filings were filed under seal without a motion requesting to do so. The Court recognizes that the parties' Joint Motion for Protective Order is presently pending. [Dkt. 36.] It is highly unlikely, however, that the proposed protective order or prevailing Seventh Circuit precedent would justify filing all of those materials under seal.

"It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). In fact, the United States Supreme Court has recognized that this right to access is protected by the First Amendment of the United States Constitution. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk County*, 457 U.S. 596, 603-06 (1982); *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country

recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Although this principle originated from a need to ensure access to criminal cases, it has been expanded to civil proceedings. *Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 650 (7th Cir. 1992).

The public's right to access court records is not unlimited, however, and Federal Rule of Civil Procedure 26(c) allows the Court to shield certain documents from the public when there is good cause to do so. *Bond*, 585 F.3d at 1074. Although protective orders may keep certain documents confidential, as a general rule, "*dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (original emphasis). As the Seventh Circuit has observed, "How else are observers to know what the suit is about or assess the [judge's] disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing." *Id.*

Very few categories of documents are to be kept confidential once "their bearing on the merits of a suit has been revealed." *Id.* In civil litigation, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Id.* A party seeking to maintain confidentiality must explain what harm will result from the disclosure as well as why that harm is the sort that presents a legal justification for secrecy in presumptively public litigation. *Id.* at 547.

**B. Exhibits**

The Defendants' description of the exhibits attached to their brief does not facilitate the Court's review. Local Rule 5-6 requires each exhibit to be given a title describing its content,

and labels such as "Exhibit B" are unhelpful.  The Defendants' response brief also refers to the exhibits with those vague labels, which would require the Court to spend an undue amount of time determining the identity and location of the referenced exhibits.

### C.  Amended Brief

For the reasons detailed herein, the Court **ORDERS** the Defendants to file an **Amended Response Brief** by **noon** on **October 17, 2013**.  The Court will not require the Defendants to re-file the exhibits referenced in their response brief already on file; however, the Amended Response Brief should refer to the previously filed exhibits by a more descriptive name as well as the docket number of the corresponding exhibit (*e.g.*, dkt. 37-1 at 2).  The Defendants should not substantively amend their brief other than to add citations.

Should the Defendants desire to maintain any portion of their Amended Response Brief, the First Stipulation of the Parties, or any of the exhibits attached thereto under seal, they should file a corresponding motion specifically articulating the reasons for maintaining any filing under seal.  To the extent that the Defendants request any portion of their Amended Response Brief to be maintained under seal, they must also file a redacted version of the brief that will be publicly available.  The Plaintiff's reply deadline remains **October 18, 2013**, and a hearing remains set for **October 30, 2013**.

10/15/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Talcott Camp

- 4 -

AMERICAN CIVIL LIBERTIES UNION
tcamp@aclu.org

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Thomas M. Fisher
OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Ashley Tatman Harwel
OFFICE OF THE INDIANA ATTORNEY GENERAL
ashley.harwel@atg.in.gov

Helene T. Krasnoff
PLANNED PARENTHOOD FEDERATION OF AMERICA
helene.krasnoff@ppfa.org

Heather Hagan McVeigh
OFFICE OF THE ATTORNEY GENERAL
heather.mcveigh@atg.in.gov

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org