UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF INDIANA AND KENTUCKY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:13-cv-01335-JMS-MJD |
| COMMISSIONER, INDIANA STATE DEPARTMENT OF HEALTH, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**Memorandum in Opposition to Defendants' Rule 60(b)(5) Motion for Relief from Judgment**

On January 6, 2015, this Court  entered final judgment for Plaintiff Planned Parenthood of Indiana and Kentucky, Inc. ("PPINK"), holding that Indiana Code Sections 16-18-21.15(a)(2) and 16-21-2-2.5(b), as they were amended effective July 1, 2013, were "unconstitutional as violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." Dkt. 87.  The Court also entered a permanent injunction prohibiting Defendants from enforcing these statutes.  *Id.* Defendants have now moved the Court pursuant to Fed. R. Civ. P. 60(b)(5) for "vacatur of the judgment and injunction. . ." Dkt. 95.

Fed. R. Civ. P. 60(b)(5) provides a tool for a party to seek modification of an *injunction* if enforcing it prospectively is no longer equitable, but it does not permit a party to seek vacatur of a *judgment* if the legal underpinnings of that judgment remain unchanged.  *See, e.g., Horne v. Flores*, 557 U.S. 433, 447 (2009) (Rule 60(b)(5) "may not be used to challenge the legal conclusions on which a prior judgment or order rests.").  Therefore, PPINK opposes Defendants' motion to the extent it seeks vacatur of the Court's final judgment finding the 2013 versions of the statutes at issue unconstitutional.  There has been no change in equal protection jurisprudence

following entry of the final judgment that would warrant vacating this Court's judgment.  If the constitutionality of the 2013 statutes were litigated today, the Court would reach the same result.

Nor is there any reason for the Court to vacate its injunction prohibiting enforcement of the 2013 statutes, since as of July 1, 2015, those statutes will cease to exist and the Court's injunction will no longer have any prospective impact.  That is because following the Court's entry of the injunction, the General Assembly enacted new statutory provisions as part of Senate Enrolled Act 546 (SB 546) that are designed to remedy the constitutional deficiencies noted by the Court.  Specifically, SB 546 remedied the equal protection violations, in part, by substituting language in Indiana Code Sections 16-18-21.15(a)(2) and 16-21-2-2.5(b) so that they now read entirely different than the 2013 versions enjoined by the Court.  Indiana law is clear that when a statute is amended "any matter contained in the old section which is not set forth at full length in the amended section ceases to exist." *Blakemore v. Dolan*, 50 Ind. 194, 203 (Ind. 1875). Therefore, SB 546 has created new statutory sections to which this Court's injunction does not (nor could it) apply. Inasmuch as the existing injunction does not prevent enforcement of the versions of Indiana Code Sections 16-18-21.15(a)(2) and 16-21-2-2.5(b) that will exist on July 1, 2015, there simply is no reason to vacate or modify the injunction.

It is certainly true, as noted by the Seventh Circuit, that "'[w]hen a change in the law authorizes what had previously been forbidden it is an abuse of discretion for a court to refuse to modify an injunction founded on that superseded law." *Protectoseal Co. v. Barancik*, 23 F.3d 1184, 1187 (7th Cir. 1994) (quoting *American Horse Protection Ass'n v. Watt*, 6694 F.2d 1301, 1316 (D.C. Cir. 1982)).  But that assumes that the injunction itself has not been superseded in some other way.  Thus, in *Protectoseal* there was a permanent injunction that prevented a shareholder from sitting as a director of a corporation because of a statute preventing such

actions with regard to corporations worth more than $1,000,000. *Id.* at 1186. However, 17 years after the injunction Congress raised the statutory threshold to $10,000,000 and the shareholder moved to vacate the injunction because the corporation in question was worth less than $10,000,000. *Id.* A Rule 60 motion was necessary because the injunction remained in full force and effect, although it legal underpinning had been removed. This is simply not the case here where SB 546 has created new statutory sections to which the injunction does not apply.

In sum, while PPINK agrees that the 2015 versions of Indiana Code Sections 16-18-2-1.5(a)(2) and 16-21-2-2.5(b) resolve the equal protection problems this Court found with the 2013 versions, there is no basis for the Court to vacate its judgment which remains good law as to the 2013 statutes. It is additionally unnecessary to vacate the injunction prohibiting enforcement of these sections, as it simply does not apply to the new 2015 versions of the statutes. However, if the Court feels it is appropriate to make explicit that which Indiana law clearly establishes, PPINK would not object to the Court entering an order modifying only the injunction (and not the final judgment) to make clear that the injunction applies only to the 2013 versions of Indiana Code Sections 16-1-2-1.5(a)(2) and 16-21-2-2.5(b) and does not prevent enforcement of the 2015 versions of these sections.

s/ Kenneth J. Falk

Kenneth J. Falk
No. 6777-49

s/ Gavin M. Rose

Gavin M. Rose
No. 26565-53
ACLU of Indiana
1031 E. Washington St
Indianapolis, IN 46202
317/635-4059

fax:  317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org

Helene T. Krasnoff
*Pro Hoc Vice*
Planned Parenthood Federation of America
1110 Vermont Ave., NW
Washington, D.C. 20005
202/973-4800
helene.krasnoff@ppfa.org

Talcott Camp
*Pro Hac Vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, N.Y. 10004
212/549-2632
tcamp@aclu.org

Attorneys for Plaintiff

## Certificate of Service

I hereby certify that on this 23rd day of June, 2015, a copy of the foregoing was filed electronically with the Clerk of this Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and the parties may access this filing through the Court's system.

Thomas M. Fisher
Solicitor General
Office of the Attorney General
Tom.fisher@atg.in.gov

Heather H. McVeigh
Deputy Attorney General
Heather.mcveigh@atg.in.gov

Lara Langeneckert
Deputy Attorney General
Lara.langeneckert@atg.in.gov

/s/ Kenneth J. Falk
Kenneth J. Falk
Attorney at Law