UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD OF INDIANA AND KENTUCKY, INC., ) ) ) | |
| Plaintiff, ) ) ) | No. 1:13-cv-01335-JMS-MJD |
| vs. ) ) ) | |
| COMMISSIONER, INDIANA STATE DEPARTMENT OF HEALTH in his official capacity, PROSECUTOR, TIPPECANOE COUNTY, INDIANA in his official capacity, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

Presently pending before the Court is Defendants Commissioner, Indiana State Department of Health, and Prosecutor, Tippecanoe County's (collectively, the "State") Motion for Relief from Judgment. [Filing No. 95.] The State requests relief pursuant to Federal Rule of Civil Procedure 60(b)(5), contending that because the Indiana General Assembly amended the statutes that were at issue in this litigation, the permanent injunction and final judgment that the Court entered on the parties' motion after summary judgment should be vacated. [Filing No. 95 at 1.] Plaintiff Planned Parenthood of Indiana and Kentucky, Inc. ("PPINK") opposes the State's motion. [Filing No. 96.] For the following reasons, the Court denies the State's Motion for Relief from Judgment. [Filing No. 95.]

### I.
### RELEVANT BACKGROUND

PPINK filed this action in August 2013, asking for declaratory and injunctive relief from two Indiana statutes that became effective on July 1, 2013. [Filing No. 1.] Specifically, PPINK

1

challenged the constitutionality of Indiana Code § 16-18-2-1.5(a)(2) (2013), which altered the definition of "abortion clinic" to include any freestanding entity that "provides an abortion inducing drug for the purpose of inducing an abortion." PPINK argued that the statute violated the Equal Protection Clause, as applied to its clinic in Lafayette (the "Lafayette clinic"), because it was undisputed in the litigation that PPINK would have to modify the Lafayette clinic to comply with certain surgical facility physical plant requirements, despite the fact that the Lafayette clinic only provided medication abortions and did not provide surgical abortions or perform any other surgical procedures. [Filing No. 81 at 1-2; Filing No. 81 at 12-13.] The law permitted undefined "physician's offices" to provide medication abortions without complying with the physical plant requirements.

PPINK also challenged the constitutionality of Indiana Code § 16-21-2-2.5(b) (2013), which provided that the Indiana State Department of Health "may not exempt an abortion clinic from … physical plant requirements." PPINK challenged that statute on behalf of its Indianapolis, Bloomington, Merrillville, and Lafayette clinics, arguing that the waiver prohibition violated the Equal Protection Clause, PPINK's right to substantive due process, and the Fourteenth Amendment right of PPINK's patients to choose an abortion. [Filing No. 81 at 12-13.]

After the Court entered a preliminary injunction in favor of PPINK with regard to its Lafayette clinic,[1] [Filing No. 54], both parties moved for summary judgment, [Filing No. 71; Filing No. 73]. On December 3, 2014, the Court entered summary judgment in favor of PPINK on its equal protection claims regarding Indiana Code § 16-18-2-1.5(a)(2) (2013) and Indiana Code § 16-21-2-2.5(b) (2013). [Filing No. 81 at 40.] The Court denied both parties' requests for summary

---

[1] PPINK's clinics outside of Lafayette were not at issue in the preliminary injunction because the parties stipulated to PPINK's contentions regarding those clinics after injunctive relief was entered. [Filing No. 70.]

2

judgment on PPINK's remaining claims. [Filing No. 81 at 40.] In denying summary judgment, the Court did not enter a merits ruling in favor of either party. It determined, rather, that the parties presented competing evidence as to whether the statutes in question violated the constitutional rights of PPINK's patients to choose an abortion or PPINK's substantive due process rights, making resolution of those claims on summary judgment impossible. [Filing No. 81 at 26 (noting on PPINK's claim regarding the constitutional rights of its patients to choose an abortion that "*Van Hollen* bolsters this Court's conclusion. Throughout that decision, the Seventh Circuit Court of Appeals referenced the extensive evidence it expected the parties to present at a trial on the merits, emphasizing 'the technical character of the evidence likely to figure in the trial' . . . . *Van Hollen* did not contemplate that the case before it could be resolved on summary judgment, likely because of what the parties in this case ignore—that it is inappropriate for the Court to make credibility and reliability determinations regarding competing expert opinions on summary judgment.") (citing *Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, 738 F.3d 786, 798-99 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2841 (2014)); *see also* Filing No. 81 at 30 (reaching same conclusion on PPINK's substantive due process claim).]

However, because all of PPINK's claims sought injunctive relief from the statutes at issue and PPINK was entitled to that relief because of the Court's entry of summary judgment on its equal protection claims, the Court asked the assigned Magistrate Judge to hold a conference with the parties to discuss the effect of the Court's decision on the remaining claims on which the Court denied summary judgment. [Filing No. 81 at 40-41.]

On January 6, 2015, the parties filed a Joint Motion to Enter Permanent Injunction and Final Judgment based on the Court's summary judgment decision. [Filing No. 85.] In that motion, the parties represented that final judgment should be entered in the case pursuant to binding

precedent, that the State would have the right to appeal that final judgment, and that PPINK had a specified time for seeking attorneys' fees depending on whether or not the State appealed the final judgment. [Filing No. 85 at 1-2.] The parties filed a proposed judgment for the Court to enter. [Filing No. 85-1.] The Court granted the parties' joint motion that day, [Filing No. 86], and entered their jointly proposed judgment in its entirety after adding a citation to Federal Rule of Civil Procedure 58, [Filing No. 87]. The Final Judgment references the Court's summary judgment decision "on December 3, 2014, in which both Indiana Code § 16-18-2-1.5(a)(2) and Indiana Code § 16-21-2-2.5(b) were found to be unconstitutional as violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution" and enjoined the State and its agents from enforcing those statutes. [Filing No. 87 at 1-2.] The State did not file an appeal, and the parties later agreed to a settlement regarding the amount of attorneys' fees and costs that PPINK should receive as the prevailing party. [Filing No. 92.]

On June 16, 2015, the State filed the pending Motion for Relief from Judgment. [Filing No. 95.] That motion is now fully briefed. [Filing No. 96; Filing No. 98.]

## II.
### DECISION

The State contends that it is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(5) because in response to the Court's decision in this action, "all of the statutory text cited by the Court in support of its judgment in favor of Plaintiffs on their equal protection claims has now been eliminated from the Indiana Code." [Filing No. 95 at 5.] Thus, the State claims, "there is no basis for maintaining either that judgment or the Court's injunction against the enforcement of sections 16-18-2-1.5(a)(2) and 16-21-2-2.5(b)." [Filing No. 95 at 5.]

PPINK emphasizes in its response that Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests. [Filing No. 96 at 1.] According to PPINK, there is no reason "for this Court to vacate its injunction prohibiting enforcement of the 2013 statutes, since as of July 1, 2015, those statutes will cease to exist and the Court's injunction will no longer have any prospective impact." [Filing No. 96 at 2.] It emphasizes that the amended statutes "read entirely different than the 2013 versions enjoined by this Court," [Filing No. 96 at 2], and points out that it is well-established under Indiana law that "'any matter contained in the old section which is not set forth at full length in the amended sections ceases to exist.'" [Filing No. 96 at 2 (citing *Blakemore v. Dolan*, 50 Ind. 194, 203 (Ind. 1875))]. Thus, PPINK concludes that "there is simply no reason to vacate or modify the injunction." [Filing No. 96 at 2.]

In its reply, the State contends that if PPINK is correct "there would never be grounds for Rule 60(b) relief based on statutory amendment." [Filing No. 98 at 3.] It claims this would lead to public officials making "unilateral determinations as to whether injunctions continue to have effect on the theory that statutory amendments gave rise to new 'versions' of unaltered statutory text." [Filing No. 98 at 3.] The State emphasizes that it is not challenging the legal conclusions on which the Court's judgment relies but, instead, because the statutes at issue are "no longer unconstitutional,"[2] the injunction and final judgment declaring them so should be vacated "to avoid any confusion." [Filing No. 98 at 4-5.]

---

[2] Given the procedural history of the case set forth above, and the fact that two remaining constitutional challenges to the statutory physical plant requirement were left unresolved, the State's claim that the statutes "are no longer unconstitutional" overstates the breadth of the Court's earlier ruling.

5

The applicable portion of Federal Rule of Civil Procedure 60(b)(5) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons[, including if] . . . applying it prospectively is no longer equitable . . . ." "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quotation omitted). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Id.* The propriety of relief pursuant to Rule 60(b)(5) does not depend on the presence or absence of a timely appeal. *Id.* at 453.

All of the Court's decisions in this action, which culminated in a permanent injunction and final judgment entered on January 6, 2015, were limited to the versions of Indiana Code § 16-18-2-1.5(a)(2) (2013) and Indiana Code § 16-21-2-2.5(b) (2013) in effect at that time. It is undisputed that amended versions of Indiana Code § 16-18-2-1.5 (2015) and Indiana Code § 16-21-2-2.5 (2015) became the law in Indiana on April 30, 2015, effective July 1, 2015. [Filing No. 95 at 3; Filing No. 97.] As the State acknowledges, "all of the statutory text cited by the Court in support of its judgment in favor of Plaintiffs on their equal protection claims has now been eliminated from the Indiana Code." [Filing No. 95 at 5.] PPINK confirms that in its response. [Filing No. 96.]

The State does not dispute PPINK's contention that it is well-established under Indiana law that "'any matter contained in the old section which is not set forth at full length in the amended section ceases to exist.'" [Filing No. 96 at 2 (quoting Indiana law); Filing No. 98 (not replying to that point).] Thus, under the circumstances presented herein, it is undisputed that the relevant portions of the statutes that served as the basis for the Court's permanent injunction and final

judgment in this action have ceased to exist.[3] The State asks for relief pursuant to Rule 60(b)(5) because it contends that "applying [the permanent injunction and final judgment] prospectively is no longer equitable." [Filing No. 95 at 5.] Under the circumstances presented herein, however, the Court deems that the appropriate limited response is to clarify that the permanent injunction and final judgment entered on January 6, 2015, have no effect on Indiana Code § 16-18-2-1.5 (2015) and Indiana Code § 16-21-2-2.5 (2015) as amended. Given that PPINK agrees with this conclusion, any further pronouncement by the Court would smack of an improper advisory opinion on the amended statutes. For those reasons, the Court **DENIES** the State's motion. [Filing No. 95.] Nothing at issue herein should be read to address the constitutionality of the amended statutes, which are not at issue in this case.

### III.
### CONCLUSION

For the reasons detailed herein, the State's Motion for Relief from Judgment is **DENIED**. [Filing No. 95.]

Date: July 2, 2015

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[3] This distinguishes this case from the cases cited by the State, which did not apply Indiana law and which either involved a permanent injunction entered by consent decree or expressly contemplated a subsequent action that later occurred. *See, e.g*, *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 388 (1992) (relief appropriate pursuant to Rule 60(b)(5) from permanent injunction entered by consent decree that turned out to impose obligations on parties that were impermissible under federal law); *Zbaraz v. Madigan*, 572 F.3d 370, 378 (7th Cir. 2009) (granting a party Rule 60(b)(5) relief from a permanent injunction that expressly contemplated future action by the Illinois Supreme Court after that action occurred).

**Distribution via CM/ECF**:

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Talcott Camp
AMERICAN CIVIL LIBERTIES UNION
tcamp@aclu.org

Lara K. Langeneckert
INDIANA ATTORNEY GENERAL
lara.langeneckert@atg.in.gov

Heather Hagan McVeigh
OFFICE OF THE ATTORNEY GENERAL
heather.mcveigh@atg.in.gov

Thomas M. Fisher
OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Helene T. Krasnoff
PLANNED PARENTHOOD FEDERATION OF AMERICA
helene.krasnoff@ppfa.org